# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE C. HELMS, | CASE NO. 1:12-cv-00897 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MARGARET MIMS, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a Fresno County Jail inmate prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

"Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff is a pretrial detainee housed at the Fresno County Jail. Plaintiff brings this action against Fresno County officials. Plaintiff names as defendants the following individuals: Sheriff Margaret Mims; Fresno County Department of Public Health Director Edward Moreno; Department of Public Health Division Manager George Laird; Medical Director of Correctional Health P. Narayen, M.D. Plaintiff claims that he has been denied adequate medical care.

**A.    Medical Care**

The Eighth Amendment protects inmates from cruel and unusual punishment, which includes the denial of medical care. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Pretrial detainees, by contrast, are protected under the Due Process Clause of the Fourteenth Amendment. Conn v. City of Reno, 591 F.3d 1081 (9th Cir. 2010), citing Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." Conn, 591 F.3d at 1094, quoting Farmer v. Brennan, 511 U.S. 825 (1994); Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff complains of inadequate medical care in general, but fails to charge any individual defendant with particular conduct that indicates deliberate indifference. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by

the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

Further, all of the defendants named by Plaintiff are employed in a supervisory capacity. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff fails to allege any facts establishing that any of the supervisory defendants personally participated in acts that constitute deliberate indifference.

### III. **Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

1  507 F.3d at 607 (no "buckshot" complaints).

2      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
3  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
4  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
5  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
6  Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

7      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
9  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
10 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
11 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
12 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
13 1474.

14     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

15     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

16     2.    The Clerk's Office shall send to Plaintiff a complaint form;

17     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
18         amended complaint;

19     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
20         complaint and any attempt to do so will result in an order striking the amended
21         complaint; and

22     5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
23         action be dismissed, with prejudice, for failure to state a claim.

26     IT IS SO ORDERED.

27     Dated:   **August 23, 2012**          /s/ **Gary S. Austin**
28                                                           UNITED STATES MAGISTRATE JUDGE