UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE C. HELMS,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARGARET MIMS, et al.,<br><br>          Defendants. | 1:12-cv-00897-GSA-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITHOUT PREJUDICE TO FILING A NEW CIVIL RIGHTS COMPLAINT ADDRESSING THE CLAIMS AGAINST DEFENDANTS RUVALCABA AND AW (Doc. 10.)<br><br>ORDER FOR THIS DISMISSAL TO BE SUBJECT TO THE THREE-STRIKES PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

I.     **BACKGROUND**

        Clyde C. Helms ("Plaintiff") a prisoner incarcerated at the Kern County Maximum-Medium Facility (Lerdo) in Bakersfield, California, is proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 1, 2012.  (Doc. 1.)  On June 13, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the

case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On August 23, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On August 30, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (Doc. 10.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the First Amended Complaint occurred at the Fresno County Jail (Jail) in Fresno, California, when Plaintiff was housed there as a pretrial detainee.  Plaintiff names as defendants Margaret Mims (Fresno County Sheriff), Edward Moreno (M.D.), George Laird (Ph.D.), Pratap Narayen (M.D.), Dr. Paul Ruvalcaba, and Dr. Aw.  Plaintiff's factual allegations follow.

Plaintiff is physically disabled within the meaning of the ADA, due to a hip replacement and several reconstructive surgeries.   In addition, Plaintiff's right knee is completely destroyed, and he is in need of knee surgery.  He is also in need of a wheelchair, because his right knee cannot support his 350-pound frame.

Defendants Sheriff Mims, Dr. Moreno, and Laird (Ph.D.) work together to supervise the delivery of health care at the Jail.  Under direct orders from these supervisors, Dr. Ruvalcaba and Dr. Aw provide inadequate medical care for Jail inmates, including Plaintiff.  Plaintiff has been wrongly housed, denied access to his wheelchair, and forced to walk on a severely damaged leg and hip.

On April 21, 2012, Plaintiff submitted his first request to be seen by medical personnel about a crack under his toe.  Now Plaintiff has an infected hole under his big toe and is in serious threat of losing his big toe.  Early in 2012, Plaintiff's attorney attempted to contact Dr. Laird by email about the seriousness of his medical condition, his improper housing, and his need for a wheelchair, but all attempts were ignored.

Dr. Ruvalcaba refused to properly diagnose the problem.  On July 30, 2012, Plaintiff saw Dr. Ruvalcaba for the hole in his left big toe.  Plaintiff explained his reasoning behind the injured toe, repeatedly explaining about his disabilities.  Dr. Ruvalcaba responded sarcastically with his own opinions, showing deliberate indifference to the seriousness of Plaintiff's wound, which was caused by Dr. Ruvalcaba's prior lack of treatment and Plaintiff being forced to walk on severely damaged legs.

On August 21, 2012, Plaintiff saw Dr. Aw, "who tried a form of Healistic (*sic*) Healing, stating my pain and conditions are caused by stress."   Second Amd Cmp, Doc. 10 at 6.

Plaintiff told Dr. Aw that his condition was caused by severe trauma to his body due to motorcycle accidents, and to please check his medical records in the computer. Dr. Aw ignored Plaintiff's request and told him to lie down on the examining table. Dr. Aw "began his treatment of self hipnotic (*sic*) state," telling Plaintiff to repeat "I feel no pain," even though Plaintiff's left foot and leg, and right knee, felt as if they were on fire. Id. Dr. Aw completed the examination without looking at Plaintiff's knee or toe. When the nurse asked the doctor if he wanted to look at the wound, Dr. Aw was deliberately indifferent and stated that he could smell it from where he was sitting and to "go ahead and redress it." Id. Plaintiff asked Dr. Aw if he could get a soft shoe chrono allowing him to have his shoes in booking, and Dr. Aw ignored him. When Plaintiff was halfway back to the housing unit, the nurse chased him down and asked if he wanted a cast boot. Plaintiff explained to the nurse that he would need both right and left boots because the boot is an inch taller than the shower shoe issued to inmates, and his right knee is injured and cannot support his weight. The nurse stated, "It's what Dr. Aw ordered, are you refusing treatment?" Id. at 7. Not wanting to pursue a losing argument, Plaintiff accepted a cast boot he cannot wear.

Between November 1, 2011 and August 28, 2012, Plaintiff submitted twenty-seven medical request forms and eight grievances, pleading for adequate medical treatment.

Plaintiff requests monetary damages, injunctive relief, attorney's fees, and costs of suit.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A.    Claims Against Defendants Ruvalcaba and Aw

Plaintiff's First Amended Complaint adds two new defendants to this action, Dr. Ruvalcaba and Dr. Aw, for events occurring after this action was filed on June 1, 2012. Plaintiff may not bring claims in this action for which he has not exhausted administrative remedies before filing suit.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies *prior to filing suit*. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (emphasis added). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Because it is not possible for Plaintiff to have exhausted remedies for these after-occurring claims against defendants Ruvalcaba and Aw before this action was filed, these claims and defendants shall be dismissed from this action, without prejudice to Plaintiff filing a new civil rights action addressing these claims.[1] [2]

**B.    Personal Participation and Supervisory Liability**

Plaintiff seeks to hold defendants Mims, Moreno, and Laird liable in their supervisory capacities.   Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).   Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.   Iqbal, 556 U.S. at 676-77.   Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct.   Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).   A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);   accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).   Therefore, to the extent that Plaintiff seeks to impose liability upon defendants in their supervisory capacity, Plaintiff fails to state a claim.

///

---

[1]The Court expresses no opinion on the merits of Plaintiff's claims against defendants Ruvalcaba and Aw.

[2]Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted.   See Jones, 549 U.S. at 214-15 (exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust); 28 U.S.C. § 1915A(b)(1).

### C.        Medical Care Claim – Fourteenth Amendment

The Eighth Amendment protects inmates from cruel and unusual punishment, which includes the denial of medical care.  Estelle v. Gamble, 429 U.S. 97, 102-03 (1976).  Pretrial detainees, by contrast, are protected under the Due Process Clause of the Fourteenth Amendment.  Conn v. City of Reno, 591 F.3d 1081 (9th Cir. 2010), citing Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).  The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care.  Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment."  Conn, 591 F.3d at1094, quoting Farmer v. Brennan, 511 U.S. 825 (1994); Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id.   Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the

facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff fails to allege facts demonstrating that defendants Mims, Moreno, Laird, or Narayen personally and purposely acted in disregard of Plaintiff's serious medical need, knowing of a serious risk to Plaintiff's health or safety. Plaintiff uses conclusory language, which does not suffice to state a claim. Therefore, Plaintiff fails to state a claim for inadequate medical care under the Fourteenth Amendment.

**D.    ADA Claim**

To the extent that Plaintiff seeks to bring a claim under the ADA for inadequate medical care by any of the Defendants, he fails to state a claim. Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does

not create a remedy for medical malpractice."). Therefore, Plaintiff fails to state a claim under the ADA.

**V.      CONCLUSION**

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.   Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1.      Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED for failure to state a claim upon which relief may be granted under § 1983, without prejudice to filing a new civil rights complaint addressing the claims against defendants Ruvalcaba and Aw;

2.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

4.      The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 15, 2013**                      **_____ /s/ Gary S. Austin_____**
                                      UNITED STATES MAGISTRATE JUDGE