UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE C. HELMS,<br><br>              Plaintiff,<br><br>        vs.<br><br>MARGARET MIMS, et al.,<br><br>              Defendants. | 1:12-cv-00897-GSA-PC<br><br>ORDER DENYING MOTION TO REOPEN CASE<br>(Doc. 15.)<br><br>ORDER GRANTING REQUEST FOR COPY OF DOCKET SHEET<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A COPY OF THE DOCKET SHEET FROM THIS CASE |

**I.      BACKGROUND**

Clyde C. Helms ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 1, 2012.  (Doc. 1.)  On June 13, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 5.)  On August 23, 2012, the court issued an order dismissing Plaintiff's Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On August 30, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 10.)  On April 19, 2013, after screening the First Amended Complaint, the undersigned issued an order dismissing the case, without leave to amend, based on Plaintiff's failure to state a claim upon which relief may be granted, without prejudice to filing a new action addressing his claims against defendants Ruvalcaba and Aw.  (Doc. 13.)

1

On August 12, 2013, Plaintiff filed a notice of change of address, a motion to reopen this case, and a request for a copy of the docket sheet for this case. (Doc. 15.)

## II.   MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

### Plaintiff's Motion

Plaintiff requests the court to send him a copy of the docket sheet for this case and reopen the case. Plaintiff asserts that between January 2013 and June 2013, he was moved to the county jail in Lerdo, then to a correctional facility in California City, then to Prumb, and then to FCI-Sheridan, his current place of incarceration. Plaintiff requests the court to reopen the case "if, by chance, due to my inability to respond to anything related to this matter, [] the court has dismissed this action for lack of response." Motion, Doc. 15.

///

///

*<u>Discussion</u>*

Plaintiff requests the court to reopen his case in the event that it was dismissed due to his lack of response to the court. Here, Plaintiff's case was not dismissed because he failed to respond to the court. The case was dismissed, without leave to amend, because Plaintiff failed to state a claim in the First Amended Complaint. The dismissal of Plaintiff's case was in no way a result of Plaintiff's four moves between January and June 2013 or his failure to receive or respond to court orders. Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion to reopen the case shall be denied.

With respect to Plaintiff's request for a copy of the docket sheet for this case, the court finds good cause to grant the request, and the Clerk shall be directed to send a copy to Plaintiff.

**III.   CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen this case, filed on August 12, 2013, is DENIED;
2. Plaintiff's request for a copy of the docket sheet for this case is GRANTED; and
3. The Clerk is DIRECTED to send Plaintiff a copy of the docket sheet for this case.

IT IS SO ORDERED.

Dated:   **August 16, 2013**                                **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE